**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
   *Plaintiff-Appellee,*

v.

ANTHONY ANTONIO ROGERS,
   *Defendant-Appellant.*

No. 02-4611

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-01-1133)

Submitted: January 7, 2003

Decided: January 31, 2003

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Anthony Antonio Rogers appeals his conviction following a guilty plea to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and his sentence to 120 months in prison and three years of supervised release. We affirm.

Rogers' counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). In the *Anders* brief, Rogers' counsel briefed two issues, both of which counsel ultimately concluded were not meritorious: whether the district court fully complied with the requirements of Fed. R. Crim. P. 11, and whether the district court erred in applying the sentencing guidelines. Rogers filed a pro se supplemental brief raising the two issues addressed by counsel and the additional issue of whether the indictment was jurisdictionally defective.

We review violations of Fed. R. Crim. P. 11 for plain error. *See United States v. Martinez*, 277 F.3d 517, 524-27 (4th Cir.), *cert. denied*, 123 S. Ct. 200 (2002). Under this standard, we exercise our discretion only to correct errors that are plain, material, or affecting substantial rights, and which seriously affect the fairness, integrity or public reputation of judicial proceedings. *Id.* at 524 (citing *United States v. Olano*, 507 U.S. 725, 731-32 (1993)). We have reviewed the record and find no error.

We review the district court's application of the sentencing guidelines for clear error as to factual findings; we review legal determinations de novo. *United States v. Blake*, 81 F.3d 498, 503 (4th Cir. 1996). We have reviewed the district court's application of the guidelines and find no error in Rogers' sentence to the 120-month statutory maximum.

In his supplemental brief, Rogers argues the indictment was jurisdictionally defective because the Government failed to prove the firearm traveled in interstate commerce. Because Rogers did not raise this issue in the district court, we review for plain error. *Olano*, 507 U.S. at 731-32. Because the Government may establish the commerce

nexus by showing the firearm was manufactured in another state and the factual basis adopted by the district court included a statement that the firearm was manufactured in California, Rogers has shown no error, plain or otherwise. *See United States v. Gallimore*, 247 F.3d 134, 138 (4th Cir. 2001); *United States v. Nathan*, 202 F.3d 230, 234 (4th Cir. 2000).

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Rogers' conviction and sentence. We require that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*